John Houston Scott (SBN 72578)
Lizabeth N. de Vries (SBN 227215)
**SCOTT LAW FIRM**
1388 Sutter Street, Suite 715
San Francisco, California 94109
Telephone: (415) 561-9600
Facsimile: (415) 561-9609
john@scottlawfirm.net
liza@scottlawfirm.net

Attorneys for Plaintiff AARON E. LAMBERT

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AARON E. LAMBERT, | Case No. |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | 1. 42 U.S.C. § 1983 – Fourth Amendment Excessive Force |
| CITY OF SANTA CLARA, a public entity, GREGORY D. HILL, SCOTT D. MEAD, MI. BARRY, UNKNOWN ASSAILANTS, DOES 1-25, inclusive. | 2. 42 U.S.C. § 1983 – Fourth Amendment False Arrest |
| Defendants. | 3. ADA/RA - 42 U.S.C. § 1213(1)(B); 29 U.S.C. § 794(b) – Wrongful Arrest |
| | 4. ADA/RA – Failure to Accommodate |
| | 5. Civ. Code § 52.1 |

**JURISDICTION & VENUE**

1. This civil-rights action arises out of defendants' use of excessive force against and false arrest of the medically retired police-officer plaintiff, Aaron Lambert, in the City of Santa Clara, Santa Clara County, California. Venue is properly in the United States District Court for the Northern District under 28 U.S.C. § 1391(b)(2).

2. This action is brought pursuant to federal laws 42 U.S.C. §§ 1213(1)(B), 1983, and 1988; and, 29 U.S.C. § 794(b). It is also brought for federal-question issues under the Fourth Amendment, the American With Disability Act, and the Rehabilitation Act, as well as the laws and constitution of the State of California. Jurisdiction rests upon 28 U.S.C. §§ 1331 and 1343(a)(3) and (4). Supplemental jurisdiction pursuant to 28 U.S.C. §1367 applies to his state-law claim.

- 1 -

COMPLAINT FOR DAMAGES

SCOTT LAW FIRM
1388 SUTTER STREET, SUITE 715
SAN FRANCISCO, CA 94109

**PARTIES**

3.      Plaintiff Aaron Lambert is a medically-retired police officer, who is a resident of the State of California.

4.      Defendant City of Santa Clara is a public entity situated in the State of California and established by the laws and Constitution of the State of California, and owns, operates, manages, directs, and controls the Santa Clara Police Department ("SCPD") which employs other defendants in this action. Plaintiff alleges on information and belief that SCPD also employees the UNKNOWN ASSAILANT defendants.

4.   Defendant SCPD Sgt. Hill was employed as a law enforcement officer and was a member of the SCPD command staff, who was acting within the course and scope of that employment at all material times.  Defendant is being sued in his individual capacity.

5.   Defendant SCPD Officer Mead was employed as a law enforcement officer and was acting within the course and scope of that employment at all material times.  Defendant is being sued in his individual capacity.

6.   Defendant SCPD Detective Mi. Barry was employed as a law enforcement officer and was acting within the course and scope of that employment at all material times.  Defendant is being sued in his individual capacity.

7.   Defendants named as "Defendant Assailants" refer to those individuals who wrongfully arrested and used excessive force against this plaintiff. This includes those who used a battering ram, excessive force, falsely arrested the plaintiff, and failed to intervene to prevent unlawful conduct on August 4, 2017. Plaintiff alleges on information and belief that Detective Mi. Barry may have been one of the Defendant Assailants.

8.    Plaintiff alleges on information and belief that all Defendant Assailants as well as Officer Mead and Detective Mi. Barry were acting under the supervision and direction of their supervising officers, including Sgt. Hill.

9.   The true names and capacities of the Defendant Assailants and those sued as DOES 1–25 are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names.

COMPLAINT FOR DAMAGES

SCOTT LAW FIRM
1388 SUTTER STREET, SUITE 715
SAN FRANCISCO, CA 94109

10. Plaintiff will seek leave to amend this complaint to show Defendant Assailants and DOES' true names and capacities when the same are ascertained. Plaintiff alleges on information and belief that each was an employee/agent of City of Santa Clara, and at all material times acted within the course and scope of that relationship.  Plaintiff is informed and believe and thereon alleges that each of the defendants sued herein was responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to the plaintiff.

11. Defendant City of Santa Clara has refused to produce records in response to plaintiff's lawful requests for complete records and information. Plaintiff reserves the right to amend this complaint with further facts and substituting individuals for Defendant Assailants and DOEs identified through discovery.

12. At all material times, each Defendant acted under color of the laws, statutes, ordinances, and regulations of the State of California and the City of Santa Clara.

13. At all times mentioned herein, each of the defendants was the agent, servant, employee, partner, aider and abettor, co-conspirator, and/or joint venturer of each of the other remaining defendants, and in doing the things alleged, was acting within the course and scope of such agency, service, employment, partnership, conspiracy, alter ego, and/or joint venture, and each defendant ratified and approved the acts of the other remaining defendants.

14. In doing the acts and/or omissions alleged herein, the defendants acted in concert and/or conspired with each of said other defendants herein.

15. Plaintiff brings these claims as a Private Attorneys General, to vindicate not only his own rights but others' civil rights of great importance.

16. Plaintiff timely and properly filed tort claims pursuant to Cal. Gov. Code §§ 910 et seq., and this action is timely filed within all applicable statutes of limitation.

///

///

///

///

///

- 3 -

COMPLAINT FOR DAMAGES

SCOTT LAW FIRM
1388 SUTTER STREET, SUITE 715
SAN FRANCISCO, CA 94109

**STATEMENT OF FACTS**

17. Plaintiff is a medically-retired police officer from the San Jose City Police Department.

18. The City of Santa Clara Police Department Investigation Division Special Enforcement Team, (SET) was deployed for no lawful purpose on August 4, 2017 to pretextually serve a warrant on Mr. Lambert's host (Aaron Albert).

19. Mr. Lambert was a snoring guest sleeping on the couch of his childhood friend's apartment when the Santa Clara Police Department agents, Officer Scott Mead, Sgt. Hill, and Defendant Assailants swarmed the building at approximately 9:30 a.m. on August 4, 2017.

20. Defendants could see and hear Mr. Lambert was asleep on the couch through the window. At least one observed Mr. Lambert get up off the couch, in his underwear and obviously unarmed, walk to the front door to look through the peephole, and begin to open the door.

21. Mr. Lambert saw approximately four armed men in plain clothes whose names and identities he could not and still cannot discern.

22. Defendant Assailants were wearing matching ballistic-combat helmets, rifle-plate chest rigs or plate carriers, appeared to have AR 15 assault-style rifles, with additional 30-round magazines attached to their chests. Mr. Lambert did not see anything which would indicate they were police officers. A couple of the men had facial hair which Mr. Lambert understood was not consistent with the San Jose Police grooming standards. Plaintiff saw no badges, no patches, no identifying marks whatsoever to indicate these were police officers. And, Mr. Lambert heard no words indicating anyone at the door was from law enforcement. The men looked like private military contractors—not police officers.

23. Defendant Assailants were knocking so hard, the door was coming off its frame. Mr. Lambert yelled "OK OK OK" and reached to unlock the deadbolt to open the door.

24. Then the door exploded open with Mr. Lambert behind it. Mr. Lambert was smashed backwards into the wall directly behind the door. At this time, Mr. Lambert was wearing ear plugs for he was sleeping and there was construction next door. The impact of the battering ram

SCOTT LAW FIRM
1388 SUTTER STREET, SUITE 715
SAN FRANCISCO, CA 94109

- 4 -

knocked one of his earplugs out of his ear, caused him to smash his head against the wall, and threw him and spun him across the room.

25. Mr. Lambert immediately put his hands in the air and spread his legs as wide as possible. Mr. Lambert then felt something cold and metallic being pressed into his back which he believed was a muzzle of a firearm.

26. Defendant Assailants yelled "I will f_ _ _ ing shoot you" and "if you breathe wrong I will f_ _ _ ing shoot you."

27. Defendant Assailants placed single overly-tightened handcuffs on Mr. Lambert, behind his back.

28. Defendant Assailants informed Mr. Lambert this S.W.A.T.-looking team were law-enforcement officers who had come to serve his host, Aaron Albert, with a misdemeanor traffic warrant or follow up on a missed family-court hearing or child-support payment.

29. At all relevant times, Mr. Lambert posed no threat, was professional and compliant with all of the officers' demands.

30. Defendant Officer Scott Mead took the lead in communicating with Mr. Lambert, and began questioning him.

31. Mr. Lambert told Officer Mead and the other Defendant Assailants that he was a medically retired police officer from the City of San Jose. Mr. Lambert told them his retiree flat-badge wallet with his Department I.D. with his concealed carry permit was in his shorts. Mr. Lambert also described the two firearms he had in his backpack, which Defendant Assailants confiscated. At this point, since he had broken no laws, Mr. Lambert believed he was only being detained while they were serving Mr. Albert a warrant relating to a child-support hearing.

32. But then, minutes after the initial entry, Officer Mead accused Mr. Lambert as follows: "you are f_ _ _king on something." Mr. Lambert responded: "no I am not." Officer Mead said: "your f_ _ _king pupils are big." Mr. Lambert responded: "I take medication which dilates my pupils." Officer Mead took Mr. Lambert's pulse and said: "your heart is beating really fast." Mr. Lambert said: "yeah, it's called adrenaline." Officer Mead asked: "what medication?" Mr. Lambert said "it is in my travel bag with my other medications and my vitamins." Then Officer

- 5 -

Mead went into Mr. Lambert's bag and found his prescription bottle of Nortriptyline HCL, for Mr. Lambert, to take two 50 mg. capsules before bed. Mr. Lambert told Officer Mead that he took this medicine to treat chronic headaches for a traumatic brain injury he sustained, on-duty. Officer Mead returned to the kitchen with this bottle of Mr. Lambert's medicine bottle of Nortriptyline HCL in one hand, and his smart phone in the other, and said: "hmm, this does dilate your pupils – what else are you taking that would dilate your pupils?" Mr. Lambert said he did not know.

33. Despite this information, Officer Mead again falsely accused Mr. Lambert—who was obviously woken up from a sound sleep—of being under the influence of methamphetamine.

34. On several occasions during the over 45-minute period that he was detained in Mr. Albert's apartment, Mr. Lambert requested the cuffs be removed or that he be detained in double handcuffs. Mr. Lambert told the officers this request was so that the cuffs would not exacerbate his previous shoulder injuries. Mr. Lambert explained that both of his shoulders had been dislocated and surgically rebuilt. Also, his wrists were already sore and he had lost circulation. At no time did Defendant Assailants grant these accommodation requests.

35. But later, Officer Mead ordered Mr. Lambert to get dressed and come to the station. Mr. Lambert interpreted this transport as an arrest. Mr. Lambert asked incredulously: "you are transporting me?" Mr. Lambert was permitted to use the restroom and get dressed without handcuffs. Mr. Lambert asked again for the double cuffs and was denied.

36. Before leaving the apartment, Mr. Lambert observed that his entire backpack contents had been dumped out on the walkway floor. Many of his medicine and vitamin pills were spilled out onto the couch cushions and the floor. They had also been stepped on.

37. Defendant Assailant # 1 escorted Mr. Lambert to the top of a flight of concrete stairs outside of Mr. Albert's unit. Mr. Lambert told this officer that if he could not use the banister (because of the handcuffs), and if the officer did not hold on to his arm, he might fall. This was because of Mr. Lambert's torn ACL in his right knee. Defendant Assailant # 1 refused, said "you'll be fine", and pushed Mr. Lambert down the stairs. Unassisted, Mr. Lambert descended the stairs sideways. Defendant Assailant # 1 took Mr. Lambert to parking lot and was made to sit on the tailgate of a pickup truck.

- 6 -

38. Mr. Lambert saw only Santa Clara City Police Department marked vehicles in the parking lot, giving an agency identity to the Defendant Assailants.

39. In the parking lot, Defendant Assailant # 2 told Mr. Albert words to the effect of: "This is because of your ex." "You would not get this sort of attention." "We do not usually do this, but we did this to let you [Mr. Albert] know to leave your ex-girlfriend alone."

40. Mr. Lambert and Mr. Albert were taken to the City of Santa Clara jail.

41. After being in a holding cell, Officer Mead questioned Mr. Lambert without Mirandizing him and requested a blood draw. Mr. Lambert refused to consent.

42. Later, Officer Mead Mirandized Mr. Lambert, and said: "I am placing you under arrest for being under the influence of a controlled substance." Shortly thereafter, Mr. Lambert was fingerprinted, photographed, and had his blood drawn by phlebotomist.

43. Later, Office Mead said, before getting the blood-draw results: "Now, I do not think you were under the influence of any controlled substance."

44. Mr. Lambert was released from the holding facility, and was told to leave the station. Officer Mead then offered to and drove Mr. Lambert back to Mr. Albert's apartment in what appeared to be his personal vehicle, in the front seat.

45. Mr. Lambert felt significant pain immediately after the battering ram smashed into him on August 4, 2017. Mr. Lambert felt a dull aching pain in the back of his head and sharp burning pain in his left wrist. Mr. Lambert was also dazed and stunned and heard ringing in his ears from the impact of his head injury. His wrist was painful weeks thereafter. He later diagnosed with a possible concussion and other injuries including high blood pressure, anxiety, panic attacks, PTSD, and related emotional injuries.

46. Mr. Lambert also incurred losses that are ongoing arising out of his efforts relating to: (1) clearing his name relating to his CCW license and reclaiming his wrongly-confiscated firearms; (2) resolving all issues with his former employer; (3) employment requiring a HR 218 CCW license; (4) employment after being falsely arrested and identified on lists; (5) defamation of character and reputation based on false statements relating to Mr. Lambert's false arrest.

SCOTT LAW FIRM
1388 SUTTER STREET, SUITE 715
SAN FRANCISCO, CA 94109

- 7 -

COMPLAINT FOR DAMAGES

**DAMAGES**

47. As a result of the acts and omissions alleged, plaintiff suffered general damages including pain, fear, anxiety, emotional distress, and related trauma in an amount according to be determined according to proof.

48. Plaintiff sustained physical injuries and has also incurred and may continue to incur medical treatment and related expenses in amounts to be determined according to proof.

49. Mr. Lambert also suffered damages to his career, reputation, and earning capacity.

50. The acts and omissions of the individual defendants were intentional, sadistic, wanton, malicious, oppressive and/or done with a conscious or reckless disregard for the rights of plaintiff.  Mr. Lambert therefore prays for an award of punitive and exemplary damages against these individual defendants in an amount according to proof.

51. Mr. Lambert also incurred and will continue to incur attorneys' fees and costs in according to proof to which he is entitled by California and Federal laws.

**CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**
[42 U.S.C. §1983—EXCESSIVE FORCE]

52. All allegations set forth in this Complaint are hereby incorporated by reference.

53. Plaintiff alleges on information and belief that defendants were acting under color of state law and in the course and scope of their employment.

54. In doing the acts and/or omissions alleged herein, Sgt. Hill, Officer Scott Mead, Detective Mi. Barry, and all Defendant Assailants acted in concert and used intentional and unreasonable force against Aaron Lambert in violation of his rights under the Fourth Amendment to the United States Constitution. Each also failed to intervene to prevent harm.

55. Defendants' excessive force was a substantial factor in causing plaintiff's harm.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

///

///

///

- 8 -

COMPLAINT FOR DAMAGES

**SECOND CAUSE OF ACTION**
[42 U.S.C. §1983—FALSE ARREST/FALSE IMPRISONMENT]

56. All allegations set forth in this Complaint are hereby incorporated by reference.

57. Defendants intentionally deprived the plaintiff of his freedom of movement by the use of physical force; defendants wrongfully arrested the plaintiff without a warrant or probable cause.  No reasonable officer would reasonably believe that plaintiff had committed a crime.

58. Defendants unlawfully took plaintiff into custody and caused him to be falsely imprisoned.  As a foreseeable result of being falsely arrested and falsely imprisoned the plaintiff suffered further injuries and damages.

59. The acts and omission of defendants caused the plaintiff's harm, injuries and damages as alleged herein.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

**THIRD CAUSE OF ACTION**
[42 U.S.C. § 1213(1)(B); 29 U.S.C. § 794() – Title II of the American with Disabilities Act (ADA) and Rehabilitation Act ("RA") -- Wrongful Arrest]

60. All allegations set forth in this Complaint are hereby incorporated by reference.

61. Title II of the American with Disability Act and the Rehabilitation Act were intended to protect individuals like the plaintiff who have a disability from discrimination on the basis of their disability by the government.

62. Public entities such as the City of Santa Clara is vicariously liable for the acts of their employees under both Acts.

63. Mr. Lambert had several disabilities, including a traumatic brain injury for which he required medication, head injury caused by these defendants' battering-ram smashing into his body, shoulder injuries, wrist injuries, and a torn knee ligament.

64. Defendants knew or should have known plaintiff had these disabilities.

65. An arrest is wrongful under the ADA and RA if the police arrest someone because they misperceive the effects of a disability as being criminal activity.

66. Defendants arrested Mr. Lambert for allegedly being under the influence of methamphetamine because his eyes were dilated and his heartrate was elevated. Neither of these

- 9 -

SCOTT LAW FIRM
1388 SUTTER STREET, SUITE 715
SAN FRANCISCO, CA 94109

characteristics constitute on their own illegal conduct. Moreover, defendants knew Mr. Lambert was taking a prescribed medication which dilated his pupils. And they knew that his heartrate was elevated because of the unnecessary force used upon him to battering-ram smash open the door into him. And they also knew that they woke him up from a sound, snoring sleep.

67. Defendants wrongfully arrested Mr. Lambert because of his legal conduct relating to his disability.

68. The acts and omission of defendants caused the plaintiff's harm, injuries and damages as alleged herein.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION
[42 U.S.C. § 1213(1)(B); 29 U.S.C. § 794() – Title II of the American with Disabilities Act (ADA) and Rehabilitation Act ("RA") -- Failure to Accommodate]

69. All allegations set forth in this Complaint are hereby incorporated by reference.

70. Title II of the American with Disability Act and the Rehabilitation Act were intended to protect individuals like the plaintiff who have a disability from discrimination on the basis of their disability by the government.

71. Public entities such as the City of Santa Clara is vicariously liable for the acts of their employees under both Acts.

72. Here Mr. Lambert had several disabilities, including a traumatic brain injury for which he required medication, head injury caused by these defendants' battering-ram smashing into his body, shoulder injuries, wrist injuries, and a torn knee ligament.

73. Defendants knew or should have known plaintiff had these disabilities.

74. Defendants failed to reasonably accommodate the plaintiff's disability to his shoulders, wrist, head and knee in the course of their investigation or arrest, causing Mr. Lambert to suffer greater injury or indignity in that process than other arrestees.

75. The acts and omission of defendants caused the plaintiff's harm, injuries and damages as alleged herein.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

SCOTT LAW FIRM
1388 SUTTER STREET, SUITE 715
SAN FRANCISCO, CA 94109

- 10 -

**FIFTH CAUSE OF ACTION**
[Civ. Code § 52.1– Bane Act]

76. All allegations set forth in this Complaint are hereby incorporated by reference.

77. Code of Civil Code section 52.1 also known as the Bane Act was enacted to protect individuals like the plaintiff from interference with civil rights by threat, intimidation or coercion.

78. Defendants made threats of violence and acted violently against the plaintiff to interfere with, prevent him from enjoying, and retaliate against him for attempting to exercise his right to be free from: unreasonable force and threats of unjustified deadly force; wrongful arrest; disability discrimination and failure to accommodate; and, unlawful taking and retaining of his weapons. It also impaired his freedom to pursue a career as a retired law-enforcement officer, from unreasonable seizures of property, and the right to protection from bodily harm or restraint. These rights can be found in the Second, Fourth, and Fourteenth Amendments to the Bill of Rights in the United States Constitution and the American with Disabilities and Rehabilitation Acts. And, they can be found in state law under Civ. Code section 43, and the California Constitution, Article 1, Sections 1 and 13.

79. Public entities such as the City of Santa Clara are vicariously liable for the acts of their employees under the Bane Act.

80. The acts and omission of defendants caused the plaintiff's harm, injuries and damages as alleged herein.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for judgment against defendants, as follows.

1.      For compensatory and economic damages according to proof;

2.      For general damages according to proof;

3.      For an award of punitive and exemplary damages against individual defendants, not the City of Santa Clara, according to proof;

4.      For prejudgment interest as permitted by law;

5.      For an award of attorneys' fees and costs; and

- 11 -

6.      For other and further relief as the Court may deem just, necessary and appropriate.

**JURY TRIAL DEMAND**

Plaintiff hereby requests a jury trial on all issues so triable.

Dated:  August 3, 2018                                    **SCOTT LAW FIRM**


By: */s/ Lizabeth N. de Vries*
Lizabeth N. de Vries, Attorney for
Plaintiff AARON E. LAMBERT

**SCOTT LAW FIRM**
1388 SUTTER STREET, SUITE 715
SAN FRANCISCO, CA 94109

- 12 -

COMPLAINT FOR DAMAGES